UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CITY OF HAMMOND,<br>THOMAS MCDERMOTT, in his<br>official and personal capacities, and<br>EDUARDO FONTANEZ,<br><br>    Plaintiffs,<br><br>vs.<br><br>LAKE COUNTY JUDICIAL<br>NOMINATING COMMISSION,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)   CASE NO. 2:21-cv-160<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiffs, City of Hammond, Thomas McDermott, in his official and personal capacities, and Eduardo Fontanez, by counsel, for their Complaint for Declaratory Judgment and Injunctive Relief against the Defendant, the Lake County Judicial Nominating Commission ("Lake County JNC"), and state as follows:

**Introduction**

Approximately 74% of white residents in Indiana vote for their Superior Court judges. In contrast, approximately 72% of minority residents no longer enjoy the right to vote for their Superior Court judges. That right was taken away from them and given to judicial nominating commissions, including the Lake County JNC, but only in select counties with high minority populations. The method for selecting the Lake County JNC members also includes express racial and gender quotas. This race and gender-based system of selecting judges in Lake County violates the Equal Protection Clause of the United States Constitution and the Voting Rights Act.

In addition, the unique procedures for selecting judges in Lake County violate the Indiana Constitution. Either all Indiana citizens should vote for their judges or all judges should be selected by judicial nominating commissions. Going forward, all Indiana citizens must be treated equally.

## PARTIES, JURISDICTION, AND VENUE

1. Hammond is an Indiana municipality and governmental organization located in Lake County, Indiana, and its administrative offices are located at Hammond City Hall, 2nd Floor, 5925 Calumet Avenue, Hammond, Indiana 46320.

2. Hammond frequently litigates in Lake County Superior Courts.

3. When Hammond's police officers write traffic tickets or make arrests, those matters are frequently prosecuted in Lake County Superior Courts.

4. Hammond has a direct and substantial interest in ensuring that Lake County Superior judges are constitutionally selected.

5. Thomas McDermott is the Mayor of Hammond, and is an attorney that resides in Lake County, Indiana, and is a registered voter.

6. Eduardo Fontanez is Hispanic, a member of a minority group, and is a registered voter in Lake County, Indiana.

7. Eduardo Fontanez is an attorney that resides in Lake County, Indiana, and was previously an East Chicago City Court judge.

8. Eduardo Fontanez previously ran for election for the Lake County Superior Court county division, under Ind. Code § 33-33-45-43, but the Legislature repealed Ind. Code § 33-33-45-43 in 2011.

9. Eduardo Fontanez previously had the right to vote for Lake County Superior Court judges of the county division, he voted in those elections, but the right to vote in those elections was taken away from him.

10. Eduardo Fontanez would have run for election for Lake County Superior Court since 2011 but he has been precluded from doing so because Lake County Superior Court judges are not elected.

11. Eduardo Fontanez has also been denied the right to vote for Lake County Superior Court judges.

12. The Lake County JNC is a local governmental unit that selects nominees only for Lake County Superior Courts and submits those appointees to the Indiana Governor.

13. This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because claims in this matter arise under the laws and Constitution of the United States.

14. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims because they are closely related and form part of the same case or controversy over Plaintiffs' federal-law claims.

**FACTUAL BACKGROUND**

**Current and Historical Method for Electing and Selecting Superior Court Judges**

15. Prior to 1971, all Superior Court judges in Indiana were elected, including in Lake County.

16. Beginning in 1971, the Indiana Legislature disenfranchised Lake County voters (and St. Joseph County voters) and eliminated their right to elect Superior Court judges.

17. The Legislature instead determined that in Lake County judicial nominees would be selected by the Lake County JNC, and the Governor would appoint Lake County Superior Court judges.

18. In the early 1970s, residents in other Indiana counties were not similarly disenfranchised, and voters in 90 Indiana counties continued to elect their Superior Court judges.

19. The method of selecting members to the Lake County JNC has varied through the years.

20. From 1971 to 1995, Lake County attorneys elected three members of the Lake County JNC, the Governor selected three non-attorney members, and the Chief Justice of the Indiana Supreme Court was a member.

21. Beginning in 1989, the Indiana Legislature provided that Lake County residents elected Lake County Superior Court county division judges, but the Legislature repealed this provision in 2011, again fully disenfranchising Lake County residents from voting for Lake County Superior Court judges.

22. In 1995, the Legislature changed the selection process for members of the Lake County JNC.

23. Beginning in 1995, Lake County attorneys elected four members to the Lake County JNC, the Lake County Board of Commissioners selected four members, and the Chief Justice of the Indiana Supreme Court was the final member.

24. The process for selecting members of the Lake County JNC includes express racial and gender quotas.

25. Ind. Code § 33-33-45-28(b) required that of the attorney members elected to the Lake County JNC two had to be women and one had to be a minority.

26. The Northern District of Indiana previously enjoined "the application of the race and gender classifications in the selection of JNC attorney members." *Back v. Carter*, 933 F.Supp. 738, 762 (N.D. Ind. 1996).

27. Ind. Code § 33-33-45-28(c) provided that the Lake County Commissioners had to select two women and one minority member to the Lake County JNC.

28. The Lake County JNC nominates Lake County attorneys to fill Superior Court vacancies, and the Governor then appoints Lake Superior Court judges from those nominees. Ind. Code §§ 33-33-45-35, 38.

29. While Lake County residents no longer have the right to initially elect their Superior Court Judges, they vote whether to retain selected judges. Ind. Code § 33-33-45-42.

**Minority Voters in Indiana Have Been Systematically Disenfranchised**

30. According to 2010 population data, Lake County had a minority population of 221,843 and 45% of Lake County residents are minorities.

31. In addition to Lake County, the Indiana Legislature has taken away the right to vote for Superior Court judges in Marion, St. Joseph, and Allen Counties.

32. All other residents of Indiana continue to have the right to vote for their judges.

33. According to 2010 population data, Marion County had a minority population of 365,488, St. Joseph County had a minority population of 65,230, and Allen County had a minority population of 83,540.

34. According to 2010 population data, approximately 72% of minority residents in Indiana live in Lake, Marion, St. Joseph, Allen Counties.

35. Approximately 72% of minority residents in Indiana no longer have the right to vote for Superior Court judges.

36. In contrast, approximately 74% of white voters in Indiana elect their Superior Court judges.

37. The procedure of removing the right to vote for Superior Court judges in high minority counties interacts with social and historical conditions to cause inequalities in the opportunity of minority residents in Indiana to vote for Superior Court judges.

**HB 1453**

38. On April 29, 2021, the Governor signed HB 1453 into law. A true and accurate copy of HB 1453 is attached as <u>Exhibit A</u>.

39. HB 1453, as enacted, provides that the Governor appoints three members to the Lake County JNC, one of whom must be a woman.

40. HB 1453 provides that the Lake County Commissioners select three members of the Lake County JNC, one of whom must be a minority.

41. Under HB 1453, attorneys no longer elect members of the Lake County JNC.

42. The Governor then selects Lake County Superior Court judges from nominees selected by the Lake County JNC.

43. HB 1453 went into effect upon passage.

**COUNT I– 42 U.S.C. § 1983 CLAIM THAT IND. CODE § 33-33-45-28 AND HB 1453 VIOLATE THE EQUAL PROTECTION CLAUSE OF THE UNITED STATES CONSTITUTION**

44. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-43.

45. The method for selecting members to the Lake County JNC includes express racial and gender quotas.

46. These racial and gender quotas violate the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

47.     The use of gender and racial quotas to select members to the Lake County JNC should be enjoined.

WHEREFORE, Plaintiffs seek an order doing the following: (1) enjoining the use of racial and gender quotas to select members of the Lake County JNC because they violate the Equal Protection Clause of the Fourteenth Amendment of United States Constitution; (2) awarding Plaintiffs attorneys' fees under 42 U.S.C. § 1988; and (3) for all other just and proper relief.

**COUNT II–THE JUDICIAL NOMINATING PROCEDURES OF IND. CODE CHAPTER 33-33-45 VIOLATE THE VOTING RIGHTS ACT**

48.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1-47.

49.     The Voting Rights Act provides that "[n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color." 52 U.S.C. § 10301(a).

50.     "A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b).

51.     In Indiana, judicial nominating only occurs in select counties with high minority populations (including Lake County) that results in the abridgement of the right of minority residents to vote for judges.

7

52. The majority of minority voters (including in Lake County) no longer have the right to vote for Superior Court judges because judicial nominating commissions (including the Lake County JNC) now select judicial candidates.

53. Residents in other counties in Indiana have the right to vote for Superior Court judges.

54. Approximately 72% of minority residents in Indiana have had the right to vote for Superior Court judges taken away from them.

55. In contrast, approximately 74% of white residents in Indiana retain the right to vote for Superior Court judges.

56. The political processes leading to the election of judges in Indiana are not equally open to the participation of minority residents in Indiana, and minorities in Indiana have less opportunity to elect Superior Court Judges.

WHEREFORE, Plaintiffs seeks an order doing the following: (1) enjoining the Lake County JNC from nominating judicial nominees under the judicial nominating procedures of HB 1453 because they violate the Voting Rights Act; (2) providing that future openings on the Lake County Superior Court will be filled by election; and (3) for all other just and proper relief.

### COUNT III – DECLARATORY JUDGMENT THAT HB 1453 VIOLATES INDIANA CONSTITUTION ARTICLE 4 SECTION 23

57. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-56 as if fully set forth herein.

58. Indiana Constitution Article 4 Section 23 provides that "where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

59. HB 1453 is special legislation because it does not apply uniformly state wide.

60. HB 1453 is unconstitutional special legislation because there is nothing unique about Lake County that requires a judicial nominating committee or the Governor to nominate members to the Lake County JNC.

WHEREFORE, Plaintiffs seek a declaratory judgment from the Court that: (1) HB 1453 is unconstitutional special legislation in violation of Ind. Const. Art. 4 § 23; (2) future openings on the Lake County Superior Court will be filled by election, as occurs in 88 counties in Indiana currently; and (3) for all other just and proper relief.

### COUNT IV– DECLARATORY JUDGMENT THAT HB 1453 VIOLATES INDIANA CONSTITUTION ARTICLE 1 SECTION 23

61. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-60.

62. Indiana Constitution Article 1 Section 23 provides that the "General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

63. Previously, in all counties with a judicial nominating commission, attorneys elected or appointed members to the judicial nominating commission.

64. Under HB 1453, attorneys in Lake County will no longer have the privilege of electing or selecting members to the Lake County JNC.

65. HB 1453 violates Ind. Const. Art. 1 § 23 because it grants privileges to attorneys in Marion and Allen counties that would no longer be enjoyed by attorneys in Lake County.

WHEREFORE, Plaintiffs seek a declaratory judgment that: (1) HB 1453 violates Indiana Constitution Article 1, Section 23; and (2) for all other just and proper relief.

### COUNT V– INJUNCTIVE RELIEF

66. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-65.

67. HB 1453 is unconstitutional and illegal and should be enjoined.

68. The Lake County JNC should be enjoined from selecting judicial nominees for Lake County Superior courts.

69. Upon enjoining enforcement of HB 1453 and enjoining the Lake County JNC from selecting judicial nominees, Lake County residents should elect Lake County Superior Court judges, as previously occurred.

70. Enjoining enactment of HB 1453 will not cause any harm because it is unconstitutional and illegal.

71. The public interest will be served by enjoining enactment of an unconstitutional law.

WHEREFORE, Plaintiffs seek an order doing the following: (1) enjoining enforcement of HB 1453; (2) enjoining the Lake County JNC from selecting judicial nominees; (3) providing that future vacancies on the Lake County Superior Court will be filled by election; and (4) for all other just and proper relief.

### COUNT VI– DECLARATORY JUDGMENT THAT INDIANA CODE ARTICLE 33-33-45'S JUDICIAL NOMINATING PROVISIONS VIOLATE INDIANA CONSTITUTION ARTICLE 1 SECTION 23

72. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-71.

73. In eighty-eight counties in Indiana, all citizens over the age of eighteen elect their Superior Court judges.

74. In Lake County, citizens do not have the privilege of electing their judges.

75. The judicial nomination provisions in Ind. Code Article 33-33-45 violate Indiana Constitution Article 1, Section 23 because citizens in Lake County do not enjoy the privilege of electing their judges and citizens in eighty-eight other counties in Indiana enjoy this privilege.

WHEREFORE, Plaintiffs seek a declaratory judgment that: (1) the judicial nominating provisions of Ind. Code Article 33-33-45 violate Indiana Constitution Article 1, Section 23; (2) future openings on the Lake County Superior Court will be filled by election, as occurs in 88 counties in Indiana currently; and (3) for all other just and proper relief.

### COUNT VII– DECLARATORY JUDGMENT THAT INDIANA CODE ARTICLE 33-33-45'S JUDICIAL NOMINATING PROVISIONS VIOLATE INDIANA CONSTITUTION ARTICLE 4 SECTION 23

76. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-75.

77. In eighty-eight counties in Indiana, all citizens over the age of eighteen elect their Superior Court judges.

78. In Lake County, citizens do not elect their judges.

79. Lake County's judicial nominating provisions in Ind. Code Article 33-33-45 are special legislation because they apply only in Lake County.

80. Lake County's judicial nominating provisions in Ind. Code Article 33-33-45 violate Indiana Constitution Article 4, Section 23 because there is nothing unique about Lake County that requires Superior Court judges being nominated rather than elected.

WHEREFORE, Plaintiffs seek a declaratory judgment that: (1) the judicial nominating provisions of Ind. Code Article 33-33-45 violate Indiana Constitution Article 4, Section 23; (2) future openings on the Lake County Superior Court will be filled by election, as occurs in 88 counties in Indiana currently; and (3) for all other just and proper relief.

WHEREFORE, and applicable to all Counts of this lawsuit, Plaintiffs seek the following relief through this suit:

    a) Plaintiffs seek only prospective relief;

b) Plaintiffs seek to enjoin the Lake County JNC from seating new members under the unconstitutional HB 1453;

c) Plaintiffs seek to enjoin the Lake County JNC from selecting future Lake Superior Court judge nominees;

d) Plaintiffs seek an order that future Lake County Superior Court openings will be filled by election, not selection;

e) Alternatively, Plaintiffs seek an order requiring the selection of all judges in all Indiana counties by judicial nominating commissions;

f) Plaintiffs do not challenge the nomination and selection of current or former Lake County Superior Court judges;

g) Plaintiffs do not seek damages; and

h) Plaintiffs seek their costs and attorneys' fees bringing this suit.

Respectfully submitted,

_____
Bryan H. Babb, Atty. No. 21535-49
Bradley M. Dick, Atty. No. 29647-49
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000 (PHONE)
(317) 684-5173 (FAX)

4055666