UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CITY OF HAMMOND, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | CASE NO. 2:21-cv-00160-PPS-JEM |
| | ) | |
| vs. | ) | |
| | ) | |
| LAKE COUNTY JUDICIAL | ) | |
| NOMINATING COMMISSION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND IN-JUNCTIVE RELIEF

Plaintiffs, City of Hammond, Thomas McDermott, in his official and personal capacities, Lonnie Randolph, in his personal capacity, and Eduardo Fontanez, by counsel, for their Amended Complaint for Declaratory Judgment and Injunctive Relief against the Defendants, Lake County Judicial Nominating Commission, State of Indiana, Secretary of State Holly Sullivan, in her official capacity, and the Lake County Board of Elections, and state the following:

### Introduction

When Congress enacted the Voting Rights Act ("VRA") in 1965, all Indiana residents enjoyed full voting rights for judges. From 1950 to 1970, the black populations in Marion and Lake Counties dramatically increased. It is in this context that in the 1970s the Indiana Legislature began abridging judicial voting rights—but only in high minority counties.

Today, approximately 82% of white Indiana residents continue to enjoy the full voting rights they enjoyed when the VRA was enacted. But the story is not the same for minority voters. In Lake, Marion, and St. Joseph Counties, voters now only have an abridged voting right. They

1

do not vote in free and open elections. Rather, they only get to vote on whether to retain judges appointed by the Indiana Governor. This selective abridgment of voting rights has had an extreme and disparate impact on minority voters. Today, approximately 66% of Indiana black residents and 49% of Indiana minority residents have lesser and unequal voting rights.

Selectively restricting voting rights in only certain high minority parts of the State violates the Indiana Constitution and it violates the VRA.

## PARTIES, JURISDICTION, AND VENUE

1. Hammond is an Indiana municipality and governmental organization located in Lake County, Indiana, and its administrative offices are located at Hammond City Hall, 2nd Floor, 5925 Calumet Avenue, Hammond, Indiana 46320.

2. Hammond frequently litigates in Lake County Superior Courts.

3. When Hammond's police officers write traffic tickets or make arrests, those matters are frequently prosecuted in Lake County Superior Courts.

4. Hammond has a direct and substantial interest in ensuring that Lake County Superior judges are legally selected.

5. Thomas McDermott ("McDermott") is the Mayor of Hammond; an attorney that resides in Lake County, Indiana; and is a registered voter.

6. Lonnie Randolph ("Randolph") is an Indiana Senator from Lake County, Indiana; is black, a member of a minority group; is an attorney; resides in Lake County, Indiana; and is a registered voter in Lake County, Indiana.

7. Eduardo Fontanez ("Fontanez") is Hispanic, a member of a minority group, and is a registered voter in Lake County, Indiana.

8.      Fontanez is also an attorney that resides in Lake County, Indiana, and was previously an East Chicago City Court judge.

9.      Fontanez previously ran for election for the Lake County Superior Court county division, under Ind. Code § 33-33-45-43, but the Legislature repealed Ind. Code § 33-33-45-43 in 2011.

10.      Fontanez, Randolph, and McDermott previously had the right to vote for Lake County Superior Court judges of the county division, and they voted in those elections, but the right to vote in those elections was taken away from them.

11.      Fontanez would have run for election for Lake County Superior Court since 2011 but has been precluded from doing so because Lake County Superior Court judges are not elected.

12.      Fontanez, Randolph,and McDermott now only enjoy the lesser voting right of voting whether to retain judges.

13.      The State of Indiana is a proper defendant for a claim under the VRA because in enacting the VRA Congress abrogated sovereign immunity and the State of Indiana has enacted judicial voting laws that violate the VRA.

14.      The Lake County Board of Elections is a local governmental unit that oversees elections in Lake County Indiana and administers the retention votes for Lake County Superior Court judges. Ind. Code § 33-33-45-42(e).

15.      The Indiana Secretary of State is Indiana's chief election official, Ind. Code § 3-6-3.7-1, and she receives statements from judges wishing to be placed on the retention vote ballot. Ind. Code § 33-33-45-42(f).

16.     The Lake County Judicial Nominating Commission ("Lake County JNC") is a local government entity created by the Indiana Legislature.

17.     This Court has original jurisdiction over this matter under 28 U.S.C. § 1331 because claims in this matter arise under the laws and Constitution of the United States.

18.     This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state-law claims because they are closely related and form part of the same case or controversy over Plaintiffs' federal-law claims.

## FACTUAL BACKGROUND

### Current and Historical Method for Electing and Selecting Superior Court Judges

19.     When the VRA was enacted in 1965, all Superior Court judges in Indiana were elected in free and open elections, including in Lake County.

20.     Beginning in 1971, the Indiana Legislature disenfranchised Lake County voters (and St. Joseph County voters) and eliminated their right to elect Superior Court judges.

21.     The Legislature instead determined that in Lake County judicial nominees would be selected by the Lake County JNC, and the Governor would appoint Lake County Superior Court judges.

22.     Lake County residents were then given the lesser and unequal voting right to vote on whether to retain judges appointed by the Governor, but Lake County residents could not run for judge or vote for the judge of their choice.

23.     In the early 1970s, residents in other Indiana counties were not similarly disenfranchised, and voters in 90 Indiana counties continued to elect their Superior Court judges.

24.    Beginning in 1989, the Indiana Legislature provided that Lake County residents elected Lake County Superior Court county division judges, but the Legislature repealed this provision in 2011, again abridging Lake County residents' voting rights.

25.    Today, the Lake County JNC nominates Lake County attorneys to fill Superior Court vacancies, and the Governor then appoints Lake Superior Court judges from those nominees. Ind. Code §§ 33-33-45-35, 38.

26.    Today, Lake County residents do not have the right to elect Superior Court judges of their choice or to run for election.

27.    Instead, they only vote on whether to retain judges the Governor appoints. Ind. Code § 33-33-45-42.

**Minority Voters in Indiana Have Been Systematically Disenfranchised**

28.    According to 2020 population data, Lake County has a minority population of 247,594 and approximately 50% of Lake County residents are minorities.

29.    If elections for Superior Court judges in Lake County were free and open, as they are in most of the State, minority residents would be able to elect judges of their choice.

30.    Instead, the Governor who is elected in a state-wide election chooses Superior Court judges in Lake County.

31.    While minorities make up almost half of Lake County's population, the State of Indiana as whole is 77% white.

32.    This is an extreme form of vote dilution.

33.    In addition to Lake County, the Indiana Legislature has abridged voting rights in Marion and St. Joseph Counties.

34. According to 2020 population data, Marion County had a minority population of 383,538, which is approximately 49% of its population; and St. Joseph County had a minority population of 84,356, which is approximately 31% of its population.

35. According to 2020 census data, Lake, Marion, and St. Joseph Counties are the most diverse counties.

36. The only county that is even close to Marion, Lake, and St. Joseph Counties, in terms of percentage of minority residents, is Allen County, with approximately 30% of its population being minorities, and the Legislature has implemented a JNC in Allen County as well, followed by non-partisan elections.

37. According to 2020 population data, approximately 49% of minority residents in Indiana live in Lake, Marion, and St. Joseph Counties.

38. Approximately 66% of black residents in Indiana have abridged voting rights for Superior Court Judges.

39. In contrast, approximately 82% of white, non-Hispanic voters in Indiana enjoy full election rights for their Superior Court judges.

## COUNT I–THE LESSER AND UNEQUAL VOTING RIGHTS IN LAKE COUNTY VIOLATE THE VRA

40. Plaintiffs incorporate by reference the allegations contained in paragraphs 1-39.

41. The State of Indiana is only a Defendant for Count I, which is brought under the VRA.

42. The Voting Rights Act provides that "[n]o voting qualification or prerequisite to voting or standard, practice, or procedure shall be imposed or applied by any State or political subdivision in a manner which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color." 52 U.S.C. § 10301(a).

43. "A violation of subsection (a) is established if, based on the totality of circumstances, it is shown that the political processes leading to nomination or election in the State or political subdivision are not equally open to participation by members of a class of citizens protected by subsection (a) in that its members have less opportunity than other members of the electorate to participate in the political process and to elect representatives of their choice." 52 U.S.C. § 10301(b).

44. In Indiana, judicial nominating only occurs in select counties with high minority populations (including Lake County) that results in the abridgement of the right of minority residents to vote for judges.

45. In select counties with high minority populations (including Lake County), residents only retain the lesser and unequal right to vote in retention elections for Superior Court judges.

46. Residents in other counties in Indiana have full voting rights for Superior Court judges.

47. Voting for Superior Court judges is not equally open to all Indiana residents.

48. By selectively implementing lesser voting rights only in high minority counties, Indiana has imposed a substantial burden on minority residents.

49. This is not a mere inconvenience, but rather entirely blocks the rights of voters in high minority counties to vote on Superior Court judges of their choice or to run for election.

50. The lesser and unequal voting rights afforded to select minority voters is a deviation from what existed in 1965 when Congress enacted the VRA and does not have a long pedigree, since all voters enjoyed full voting rights then.

51.    In 1982, when the VRA was amended, Marion County residents still elected their Superior Court judges, though Marion County's system was later declared unconstitutional for different reasons.

52.    Likewise, in 1982, Allen County voters also elected their Superior Court judges.

53.    So the current state of abridged voting rights for voters in high minority areas is a stark departure from what existed in Indiana in 1965 and 1982.

54.    The size of the disparities imposed on minorities by Indiana's differential voting procedures is significant because 66% of Indiana's black residents live in Lake, Marion, and St. Joseph Counties, and 49% of Indiana's minorities live in those counties.

55.    Indiana does not have any alternate procedure that would allow minority voters in Lake, Marion, and St. Joseph Counties to participate in voting for Superior Court judges.

56.    The State has no interest in imposing lesser voting rights only in Lake, Marion, and St. Joseph Counties because the Indiana Constitution mandates that all Circuit Court judges are elected and Superior Court judges are elected in the vast majority of Indiana counties.

57.    The political processes leading to the election of judges in Indiana are not equally open to the participation of minority residents in Indiana, and minorities in Indiana have less opportunity to elect Superior Court judges.

58.    Voters in Lake County have no incentive to vote to not retain Superior Court judges because this will not result in them being able to participate equally in the selection and election of a replacement judge, but will instead only result in the JNC selecting new nominees and the Governor appointing one to replace the non-retained judge.

59.    The Defendants should be enjoined from placing any Lake Superior Court on a ballot for a retention vote.

8

60.    The State should be given the opportunity to enact judicial voting procedures in Indiana that do not violate the VRA, presumably free and open elections for Superior Court judges statewide.

WHEREFORE, Plaintiffs seeks an order doing the following: (1) declaring that the lesser and unequal voting rights for Lake County Superior Court judges violate the VRA; (2) enjoining the placement of any Lake County Superior Court judge position on a ballot for a retention vote; (3) providing the State with an opportunity to enact a voting procedure for Lake County Superior Court judges that does not violate the VRA, which would presumably be free and open elections; and (4) for all other just and proper relief.

**COUNT II – DECLARATORY JUDGMENT THAT THE LAKE COUNTY JNC SELECTION PROCESS AND RETENTION VOTES VIOLATE INDIANA CONSTITU-TION ARTICLE 4 SECTION 23**

61.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-60 as if fully set forth herein.

62.    Indiana Constitution Article 4 Section 23 provides that "where a general law can be made applicable, all laws shall be general, and of uniform operation throughout the State."

63.    The JNC selection process for Superior Court judges is only in place in Lake, Marion, St. Joseph, and Allen Counties.

64.    Retention votes for Superior Court judges, as opposed to full elections, are only in place in Lake, Marion, and St. Joseph Counties.

65.    The Lake County JNC selecting nominees for the Governor to appoint to the Lake County Superior Court followed by a retention vote is special legislation because it does not apply uniformly statewide.

66.    This process is unconstitutional special legislation because there is nothing unique about Lake County that requires a JNC to select nominees to be appointed by the Governor to the Lake County Superior Court followed by retention votes.

WHEREFORE, Plaintiffs seek a declaratory judgment from the Court that: (1) The process for selecting, appointing, and retaining Lake County Superior Court judges is unconstitutional special legislation in violation of Ind. Const. Art. 4 § 23; (2) future openings on the Lake County Superior Court will be filled by election, as occurs in 89 counties in Indiana currently; and (3) for all other just and proper relief.

**COUNT III– DECLARATORY JUDGMENT THAT IND. CODE § 33-33-45-28 VIO-LATES INDIANA CONSTITUTION ARTICLE 1 SECTION 23**

67.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-66.

68.    Indiana Constitution Article 1 Section 23 provides that the "General Assembly shall not grant to any citizen, or class of citizens, privileges or immunities, which, upon the same terms, shall not equally belong to all citizens."

69.    Previously, in all counties with a judicial nominating commission, attorneys elected or appointed members to the judicial nominating commission.

70.    Under Ind. Code § 33-33-45-28, attorneys in Lake County no longer have the privilege of electing or selecting members to the Lake County JNC.

71.    Ind. Code § 33-33-45-28 violates Ind. Const. Art. 1 § 23 because attorneys in Lake County no longer have privileges afforded to attorneys in Marion and Allen Counties.

WHEREFORE, Plaintiffs seek a declaratory judgment that: (1) Ind. Code § 33-33-45-28 violates Indiana Constitution Article 1, Section 23; and (2) for all other just and proper relief.

**COUNT IV– DECLARATORY JUDGMENT THAT INDIANA CODE ARTICLE 33-33-45'S JUDICIAL NOMINATING PROVISIONS VIOLATE INDIANA CONSTITUTION ARTICLE 1 SECTION 23**

72.    Plaintiffs incorporate by reference the allegations contained in paragraphs 1-71.

73.    In eighty-nine counties in Indiana, all citizens over the age of eighteen elect their Superior Court judges.

74.    In Lake County, citizens do not have the privilege of electing their judges.

75.    The judicial nomination and retention vote provisions in Ind. Code Article 33-33-45 violate Indiana Constitution Article 1, Section 23 because citizens in Lake County do not enjoy the privilege of electing their judges and citizens in eighty-nine other counties in Indiana enjoy this privilege.

WHEREFORE, Plaintiffs seek a declaratory judgment that: (1) the judicial nominating provisions of Ind. Code Article 33-33-45 violate Indiana Constitution Article 1, Section 23; (2) future openings on the Lake County Superior Court will be filled by election, as occurs in 89 counties in Indiana currently; and (3) for all other just and proper relief.

WHEREFORE, and applicable to all Counts of this lawsuit, Plaintiffs seek the following relief through this suit:

a) Plaintiffs seek only prospective relief;

b) Plaintiffs seek a declaration that retention votes for Lake Superior Court judges violate the VRA;

c) Plaintiffs seek to enjoin Lake County Superior Court judges from being placed on ballots for retention votes;

d) Plaintiffs seek to enjoin the Lake County JNC from selecting future Lake Superior Court judge nominees;

e)  Plaintiffs seek an order that future Lake County Superior Court openings will be filled by election, not selection and retention votes;

f)  Plaintiffs do not challenge the nomination and selection of current or former Lake County Superior Court judges; and

g)  Plaintiffs do not seek damages.

Respectfully submitted,

Bryan H. Babb, Atty. No. 21535-49
Bradley M. Dick, Atty. No. 29647-49
BOSE McKINNEY & EVANS LLP
111 Monument Circle, Suite 2700
Indianapolis, IN 46204
(317) 684-5000 (PHONE)
(317) 684-5173 (FAX)

## CERTIFICATE OF SERVICE

I hereby certify that on August 17, 2022, a copy of the foregoing document was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Jefferson S. Garn
Jefferson.Garn@atg.in.gov

Michael E. Tolbert
mtolbert@tolbertlegal.com

Candace C. Williams
cwilliams@tolbertlegal.com

Shelice R. Tolbert
stolbert@tolbertlegal.com

Rogelio Dominguez
roy@dominguezlawyer.com

Kari A. Morrigan
Kari.morrigan@atg.in.gov

Meredith B. McCutcheon
Meredith.mccutcheon@atg.in.gov

/s/ Bryan H. Babb
Bryan H. Babb

4411350_1